**RUBASZNY, Plaintiff-Appellee, v. RUBASZNY, Defendant-Appellant.**

Ohio Appeals, Seventh District, Ashtabula County.

No. 468. Decided Sept. 18, 1945.

Albert H. Moses and Stephen F. Perry, Jefferson, for plain-
tiff-appellee.

O. R. Barnes, Jefferson, for defendant-appellant.

## OPINION

By PHILLIPS, J.

On the 19th day of January, 1944, at the January Term of the Court of Common Pleas the judge of that court granted plaintiff a divorce from the defendant in the case of Anton Rubaszny, Plaintiff, v Agnes Rubaszny, Defendant, No. 35950, on the ground of exereme cruelty; found "that plaintiff is (was) entitled to alimony from said defendant"; that by fraud and without consideration defendant procured a deed to an undivided one-half interest in a nine acre tract of land belonging to plaintiff situated in Ashtabula County, which interest he ordered defendant to convey to plaintiff, and barred defendant from asserting any dower interest in plaintiff's real estate.

Agnes Rubaszny did not file a motion for a new trial from any order, decree or judgment of the court of common pleas or appeal therefrom except as stated herein but filed "a petition for rehearing" in that court on August 25, 1944, during the April term thereof, captioned "Agnes Rubaszny, Plaintiff, v Anton Rubaszny, Defendant," and had summons issued "for the defendant Anton Rubaszny, directed to the Sheriff of Ashtabula County, Ohio, returnable according to law. Endorsed. Petition for rehearing of divorce and alimony case No. 35950." In that petition she prayed that "the judgment of the court as to alimony be vacated and set aside on the ground that her attorney permitted the case to go by default. We assume that counsel for Agnes Rubaszny intended to file her petition for rehearing in the case of Anton Rubaszny, Plaintiff, v Agnes Rubaszny, Defendant, and we will treat it as so filed in disposing of the questions presented. This assumption is fortified by the language used in the Precipe in the petition for rehearing captioned Agnes Rubaszny, Plaintiff, v Anton Rubaszny, Defendant, to which the attention of the parties is called.

On the same date out of rule and without leave she filed an answer and cross-petition in the same court in the case captioned Anton Rubaszny, Plaintiff, v Agnes Rubaszny, Defendant. The transcript of the docket and journal entries re-

veals that on September 25, 1944, plaintiff filed a motion "to modify decree as to equitable disposition of property", and a brief in support thereof. We do not find that motion or brief among the papers submitted to us, although in his entry of April 12, 1945, to which reference is made later, the trial judge in referring to it said "defendant on her motion to modify decree" etc. This language might be interpreted as indicating that such motion was filed or made orally. We assume that if it was filed it was filed in the case captioned "Anton Rubaszny, Plaintiff, v Agnes Rubaszny, Defendant." Counsel for Anton Rubaszny suggests by brief that "this entry (April 12, 1945) also ordered the petition to vacate to be considered as a motion to modify the original decree as to alimony." The record submitted to us is not clear on this phase of this case. However, in any event the trial judge did modify his entry of January 19, 1944, as shown by his entry hereinafter stated herein.

A transcript of the docket and journal entries submitted to us also discloses the following:—

"1945, April Term.          April 12

This cause came on to be heard on defendant's petition to vacate the decree heretofore entered herein; on consideration whereof, same is denied. To which holding and ruling of the Court, defendant excepts. Defendant, on her motion, to modify decree, not as to divorce, but as to equitable disposition of property allowed.

"1945, April Term.          May 25

This day this cause came on to be heard upon the petition of the defendant, Agnes Rubaszny, for rehearing, and was submitted to the Court upon the evidence, exhibits and proof. Whereupon, the Court finds that the defendant is not entitled to have the former entry of the Court vacated and her petition for rehearing is denied and the former decree confirmed.

"Coming now to the consideration of the property rights of the parties hereto, the Court finds from the evidence, exhibits and proof that the defendant is entitled to the sum of Two Hundred Dollars ($200.00) as and for alimony and property rights and it is ordered, adjudged and decreed that the Plaintiff, Anton Rubaszny, shall pay to the Defendant, Agnes Rubaszny, the sum of Two Hundred Dollars ($200.00) forthwith.

"It is further ordered, adjudged and decreed that the defendant, Agnes Rubaszny, shall forthwith execute and deliver to the Plaintiff, Anton Rubaszny, her quitclaim deed of all her right, title and interest in and to the real estate of the said Anton Rubaszny, including the nine acres described in the journal entry heretofore filed on the 19th day of January, 1944, and the premises heretofore conveyed to Anton Rubaszny by Jerry Benson, Sheriff of Ashtabula County, Ohio, by deed dated December 19, 1938, and recorded in Volume 350, Page 391, of the Ashtabula County Records of Deeds.

"Judgment is rendered against the Plaintiff for the costs herein."

On May 31, 1945, Agnes Rubaszny filed a notice of appeal on questions of law and fact from a judgment rendered by the court of common pleas on the 21st day of May, 1945, in the case captioned Anton Rubaszny, Plaintiff, v Agnes Rubaszny, Defendant; and on July 24, 1945, an appeal bond was fixed in the sum of $150.00 in the case of Anton Rubaszny, Plaintiff, v Agnes Rubaszny, Defendant. A careful perusal of the transcript of the docket and journal entries and a study of the papers submitted to us fails to disclose any judgment, order or decree entered by the judge of the court of common pleas on May 21, 1945. We presume the appeal is from the order of the court of common pleas dated May 25, 1945; and since counsel for plaintiff in referring to the order of the court dated May 25, 1945, say in their brief "this is the final order appealed from on questions of law and fact", and as counsel for both parties admitted in oral argument that the order of May 25, 1945, was the order appealed from we will proceed on that premise in determining the questions submitted to us.

Agnes Rubaszny filed a bill of exceptions on July 16, 1945, in the court of common pleas in the case of Anton Rubaszny. Plaintiff, v Agnes Rubaszny, Defendant, and in this court out of rule and without leave on July 27, 1945, and a brief in this court out of rule and without leave on August 4, 1945.

We find nothing in the papers submitted to us indicating that a bond was filed, but counsel for defendant stated in open court that a cash bond was posted with the clerk of the court of common pleas "after the appeal was perfected," which plaintiff did not deny.

On July 21, 1945, plaintiff filed a motion in the case of Anton Rubaszny, Plaintiff, v Agnes Rubaszny, Defendant, to dismiss Agnes Rubaszny's appeal on the grounds that her bill

of exceptions was not filed in the court of common pleas within the time fixed by §11564 GC; that she filed no bond; that her briefs and specifications·of error and bill of exceptions were not filed within the time fixed by Rule 7 of this court; and that "this court has no jurisdiction to try the facts in this case de novo" for the reason that defendant's "appeal would not have been proper under the 1912 Constitution as the order appealed from was not a chancery case and is not proper under the 1944 Amendment" to the Constitution; that "this court now has only such appellate jurisdiction 'as may be provided by law;' " and that "defendant-appellant's right of appeal is now entirely governed by statute."

Answering first the last reason for dismissing such appeal urged by counsel for Anton Rubaszny we find that as amended effective January 1, 1945, the Constitution of Ohio provides that this court shall have:—

" * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of boards, commissions, officers, or tribunals, and of courts of record inferior to the court of appeals within the district, * * *. All laws now in force, not inconsistent herewith, shall continue in force until amended or repealed; provided, that all cases, actions, or proceedings pending before or in any board, commission, officer, tribunal, or court on the first day of January, 1945, shall be heard, tried, and reviewed in the same manner and by the same procedure as is now authorized by law."

It is apparent from what we have said in the factual statement of this opinion that the case of Anton Rubaszny, Plaintiff, v Agnes Rubaszny, Defendant, was pending in the court of common pleas on the first day of January, 1945. Accordingly we conclude that it must be heard, tried or reviewed in this court in the same manner and by the same procedure as was authorized by law prior to that date.

This conclusion compels consideration of the appellate jurisdiction of this court in this appeal prior to the amendment of the Constitution effective January 1, 1945.

"Since the appellate jurisdiction of courts of appeals is limited by the present Constitution to chancery cases, and since a proceeding for alimony does not, except in an incidental manner, invoke the equity powers of the court, and is, therefore, not regarded as a chancery proceeding, such courts

do not have appellate jurisdiction in such cases. Sec. 12,002 GC, is, therefore, inoperative, in so far as it purports to confer such jurisdiction." **14 O. Jur., P 521, Sec 122.**

In the case of **Bennett, Appellee, v Bennett, Appellant, 134 Oh St, 330** "plaintiff filed her action for divorce, alimony and custody of her minor son." In an opinion by the court, the supreme court held in that case that "the original action in the Court of Common Pleas was not a 'chancery case' and therefore appeal to the Court of Appeals on questions of law and fact did not lie. **Marleau v Marleau, 95 Oh St., 162, 115 N. E., 1009,** and **Durham v Durham, 104 Oh St., 7, 135 N. E. 280.**"

"It has been repeatedly held that a suit for divorce and alimony is not a chancery case and is not appealable on questions of law and fact. **Bennett v Bennett, 134 Oh St., 330, 16 N. E. (2d), 474.**" **Robertson, Appellee, v Robertson, Appellant, 61 Oh App, 458 at 460.**

See, also, Anna Schindler v George Schindler, Geauga Appeals No. 260, decided August 28, 1945, without opinion.

Obviously this case is not a chancery case and cannot be appealed to this court on questions of law and fact.

Accordingly Agnes Rubaszny was not required to file a bond.

**Sec. 11564, GC,** provides that when we determine we cannot hear a case appealed on questions of law and fact, as such, that we must retain it as an appeal on questions of law and allow appellant not to exceed thirty days in which to have a bill of exceptions prepared, settled and filed. However, since Agnes Rubaszny has had a bil of exceptions prepared, settled and filed in both the court of common pleas and this court, though not within the time fixed for filing it in either court, leave was granted to her to have such bill of exceptions filed on August 29, 1945. By agreement counsel for the respective parties argued the motion of Anton Rubaszny and the case as an appeal on questions of law together and agreed to submit the appeal as one on questions of law in the events Agnes Rubaszny's appeal was not dismissed or this court determined the case was not appealable as one on questions of law and fact, which it did on August 29, 1945.

Since counsel for Anton Rubaszny stated in open court that he was not prejudiced by the failure of Agnes Rubaszny

to file her brief and specifications of error within the time prescribed by Rule 7 of this court we cannot sustain his motion to dismiss her appeal on that ground, as Anton Rubaszny urges we should.

Having answered all the arguments advanced by counsel in support of the motion of Anton Rubaszny to dismiss "the appeal" of Agnes Rubaszny, and assigned our reasons for our ruling on this motion, it follows that the motion of Anton Rubaszny to dismiss the appeal of Agnes Rubaszny on questions of fact must be and hereby is sustained and the words "and fact" are ordered stricken from Agnes Rubaszny's notice of appeal, and the case is retained in this court and will be determined as an appeal on questions of law.

In her assigned grounds of error Agnes Rubaszny claims that the judge of the court of common pleas "erred in awarding the real estate of the defendant, Agnes Rubaszny, to the plaintiff, Anton Rubaszny"; and on "rehearing in refusing to vacate so much of the former decree as professed to transfer title to appellant's real estate, from appellant to her former husband"; in "ordering appellant to execute and deliver to her former husband a quit-claim deed of her real estate"; and "in not awarding to defendant a more substantial sum than $200.00 as alimony and by way of division of the property of the parties."

It is observed that in both of the foregoing journal entries the judge of the court of common pleas refused to vacate his order, judgment and decree entered January 19, 1944, and in the order of May 25, 1945, modified that decree by ordering plaintiff in that action to pay defendant $200.00 "for her alimony rights."

In order to determine whether the judge of the court of common pleas erred to the prejudice of Agnes Rubaszny "in awarding the real estate of the defendant, Agnes Rubaszny, to plaintiff, Anton Rubaszny," and in "ordering appellant to execute and deliver to her former husband a quitclaim deed of her real estate", as the former urges he did, it would be necessary for us to weigh the evidence which we cannot do in the absence of a motion for a new trial. See **Emery v City of Toledo, 121 Oh St, 257; State, Ex Rel. Curran, v Brookes, Jr., 142 Oh St, 107; Rowe v Rowe, 16 Oh App 180.** We cannot reverse the judgment of the trial court on these assigned grounds of error.

As the result of careful consideration of all the papers and records submitted to us in this appeal which we have a

right to consider, we find no allegation or proof of the existence of any statutory grounds warranting or authorizing the trial judge vacating any portion of the judgment of the court of common pleas entered January 19, 1944, after term. We conclude that the trial judge did not err to the prejudice of Agnes Rubaszny in refusing to vacate the judgment of the court of common pleas entered January 19, 1944.

It appears that the principal ground of error urged by Agnes Rubaszny and the one upon which she relies most heavily to secure a reversal of the judgment of the court of common pleas is that the court erred to her prejudice "in not awarding to defendant a more substantial sum than $200.00 as alimony and by way of division of property."

Obviously if the trial judge could not, as we hold, modify the judgment of the court of common pleas entered January 19, 1944, and we cannot reverse such judgment for the reasons assigned it matters little what amount he awarded Agnes Rubaszny as alimony or by way of division of property. It is also apparent that in order to determine this question it would be necessary for us to weigh the evidence, which for the reasons stated we can not do.

It appears to be settled law in Ohio that the jurisdiction of the court of common pleas in cases for alimony only is continuing, and if an allowance for alimony in a divorce case is ordered payable in installments, a reservation of the continuing jurisdiction of the court of common pleas over alimony may be implied; that in cases where the court of common pleas grants a divorce as well as alimony, the court exhausts its jurisdiction in the case by allowing a gross sum or specific property, if there is no reservation in the decree suggesting that the court intended its order to be subject to any future revision or order; that real estate decreed in fee simple as allowance in gross for alimony is final and an order of such allowance is not subject to modification or change at a subsequent term; that when a divorce is granted to the husband on the wife's aggression an allowance to her of a share of the husband's property is not subject to modification; and that in order to warrant a modification in any case, the conditions and circumstances relied upon must have arisen subsequent to the entry of the original decree. See 14 O. Jur., pages 511-521. In the case at bar all of the grounds for modification urged by Agnes Rubaszny according to her claim existed prior to the entry of January 19, 1945.

In the case of **Watt, Appellee, v Watt, Appellant, 69 Oh App, 322,** an action for divorce and alimony, the trial judge

granted plaintiff husband a divorce for the aggression of the defendant wife, and ordered plaintiff to pay defendant a sum each month for her future support until she remarried. Upon appeal on questions of law to this court we held that such award was not an award of alimony to the wife but constituted a division of the property of the parties, and that such order was not subject to modification, and in the opinion said:—

"* * * and even where the 'decree provides for a monthly payment of alimony * *, * extending through a term of years, such payments are in fact not alimony, but property of the husband adjudged to the wife, and are not subject to modification' (Fenn v Fenn, 23 C. C. (N.S.), 205, 34 C. D., 215), and 'the fact that the allowance which is made to her is referred to in the decree as alimony does not change its character from an allowance made to her out of his estate' (Moore v Cent. Trust & Safe Deposit Co., 18 N. P. (N.S.) 175 citing Fiesler. v Fiesler, 83 Ohio St., 200, 93 N. E. 899). See, also, Mathers v Mathers, 15 C. C. (N.S.), 413, 31 C. D. 110 (affirmed without opinion Mathers v Mathers, 88 Oh St., 555, 106 N. E., 1068); Kelso v Lovejoy, 9 C. C. (N.S.), 539, 19 C. D., 597 (affirmed without opinion, Lovejoy v Kelso, 76 Oh St., 598, 81 N. E. 1189)."

Since Agnes Rubaszny filed her cross-petition, to which reference has been made, out of rule and without leave of the court of common pleas that court was under no duty to consider it. That pleading stands as though never filed. The action of the trial judge in disposing of Agnes Rubaszny's petition for rehearing might be interpreted as disposing of her cross-petition, but we need not and do not determine that question.

Without further word, but as a result of careful and painstaking study of the journal entry filed in the trial court on January 19, 1944, we are of opinion that by the language employed therein the trial judge made a division of the property of the parties, and by the use of the language granted plaintiff a share of defendant's estate and that such order is not subject to modification. See Watt v Watt, supra.

It follows from what we have said that the order, judgment and decree of the judge of the court of common pleas dated May 25, 1945, must be and hereby is reversed.

NICHOLS, P. J., and CARTER, J., concur in judgment.