WOODWORTH, Plaintiff-Appellant, v WOODWORTH, ET, Defendants-Appellees.

Ohio Appeals, Seventh District, Ashtabula County.

No. 469. Decided February 20th, 1946.

C. L. Shaylor, Ashtabula, for plaintiff-appellant.
Howard M. Nazor, Ashtabula, for defendant-appellee.

## OPINION

By PHILLIPS, J.

On December 20, 1933, plaintiff, then twenty-five years old and the mother by a previous marriage of a son aged four years and a daughter aged two years, married defendant who was fifty-one years of age, and who then had an equity in a small farm situated in Geneva Township, Ashtabula County, Ohio, where he raised bees. Subsequent to such marriage defendant deeded his real estate to plaintiff and transferred certain personal property to her by bill of sale. Both parties owned household furniture when they were married which they pooled to start housekeeping, and both worked on the farm. Part of that real estate was sold in 1939 and part thereafter in separate parcels, and a portion of the proceeds was invested in a tourist camp in North Kingsville, Ashtabula County, Ohio, where the parties and plaintiff's children, who were not adopted by defendant but whose names were changed to Woodworth by an action in the Probate Court of Ashtabula County, continued to live and operate such camp together with a roadside stand and defendant's bee business, and where the parties and plaintiff's children, when they became old enough, all worked for the mutual benefit of the family.

On December 20, 1944, plaintiff sued defendant in the court of common pleas for divorce, alimony and equitable relief. Defendant filed an answer to plaintiff's petition, and in his

cross petition sought the same relief as plaintiff prayed for in her petition. Upon hearing the trial judge granted the plaintiff a divorce on the ground of gross neglect of duty and found that the Kingsville real estate, the cabin equipment and defendant's bee business were worth $2,393.00, $338.00 and $1,-963.93 net respectively.

In accordance with his finding the trial judge ordered plaintiff to deed such real estate to defendant subject to an existing mortgage and mechanics liens and to surrender possession thereof to him; ordered that defendant possess "as and for his own property, free and clear of any claim of the plaintiff" all personal property in his possession situated on such real estate with the exception of an electric refrigerator and possess money in the approximate amount of $800.00 on deposit in his name in The Farmers National Bank and Trust Company of Ashtabula, Ohio, dissolved a previously granted injunction restraining defendant from withdrawing same, ordered defendant to "pay to the plaintiff, as and for alimony, the sum of nineteen hundred dollars ($1,900.00), one thousand dollars ($1,000.00) to be paid forthwith and the balance of nine hundred dollars ($900.00) payable on or before August 1, 1946, said unpaid balance to be secured by a second mortgage on the real estate herein described," and rendered judgment against defendant "for the costs."

Plaintiff appealed to this court on questions of law and fact from the alimony phase of the case. The words "and fact" were ordered stricken from the notice of appeal, and it appearing that a bill of exceptions was duly filed the case was retained, argued and will be determined as an appeal on questions of law only. See §11564 GC. Defendant's motion to dismiss plaintiff's appeal as such was sustained from the bench. See **Bennett, Appellee, v Bennett, Appellant, 134 Oh St 330,** citing **Marleau v Marleau, 95 Oh St 162, 115 N. E., 1009,** and **Durham v Durham, 104 Oh St 7, 135 N. E. 280; Robertson, Appellee, v Robertson, Appellant, 61 Oh Ap 458 at 460;** Anna Schindler v George Schindler, Geauga Appeals No. 260, decided August 28, 1945; **Anton Rubaszny v Agnes Rubaszny,** Ashtabula Appeals No. 468, decided August 29, 1945 (46 Abs 55).

In her "assignments of error" filed herein plaintiff claimed that the "judgment was given for said appellee when it should have been given for said appellant"; that the "verdict is not sustained by sufficient evidence and is contrary to law"; that the trial judge "erred in overruling the motion of appellant for a new trial", and that there are "other errors manifest from the face of the record"; but in arguing the appeal on questions of law stated in open court that he relied for a re-

versal of the judgment of the court of common pleas solely upon the ground that such judgment was against the manifest weight of the evidence.

The evidence is conflicting as to the exact total value of all of the property of the parties, the amount of work each did, and when, in accumulating such property and in other respects touching their respective property rights.

We have carefully reviewed such evidence, especially with reference to the contributions, financial and otherwise, of the respective parties to the marriage relationship, the obligations each assumed upon entering therein, the benefits each derived therefrom, their ages, condition of health, educational advantages, experience, their respective present cash resources and pressing financial obligations, ability or lack of ability to manage the real estate in questions advantageously, the encumbrances thereon, and their several abilities to work and earn money in the future, and have reached the conclusion that the judgment of the court of common pleas is not so manifestly against the weight of the evidence as to warrant this court reversing the judgment of the court of common pleas on that solely assigned ground of error.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, and CARTER, J, concur in judgment.